**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**STEVEN RICHARD TAYLOR,**

        Plaintiff,

v.                              Case No. 3:26-cv-469 -JEP-SJH

**SECRETARY RICKY DIXON** and
**WARDEN RANDALL POLK**,

        Defendants.

_____/

### REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH LOCAL RULE 3.02 AND FED. R. CIV. P. 26

In opposing Mr. Taylor's motion to compel their compliance with Local Rule 3.02 and Federal Rule of Civil Procedure 26, Defendants first incorrectly argue that this Court lacks Article III jurisdiction over this suit and, therefore, Mr. Taylor's motion to compel. ECF No. 15 at 4-7. This argument is rehashed from Defendants' pending motion to dismiss Mr. Taylor's suit, ECF No. 14 at 4-16, and Mr. Taylor has addressed why it is wrong in his separately filed response to that motion.

Here, Mr. Taylor replies to Defendants' two other arguments in opposition to his motion to compel: (1) the Court must first address Defendants' later-filed motion to dismiss before compelling Defendants' compliance with the local and federal rules; and (2) Defendants have already complied with the relevant rules because Mr.

Taylor's suit falls under the "ancillary" exemption found in Local Rule 3.02(d)(9) and Fed. R. Civ. P. 26(a)(1)(B)(viii). ECF No. 15 at 8-12. Both arguments are wrong.

This Court should require Defendants to comply with its Local Rules and the Federal Rules of Civil Procedure, particularly because Defendants' compliance is already overdue. Defendants' argument invites the Court to apply rules managing essential case management procedures in a manner that would reward noncompliance with them so long as a party later files a motion to dismiss, regardless of that dispositive motion's merits. Or, worse still, Defendants' reading of the rules would reward the behavior here, where Defendants refused to comply with their obligations under Local Rule 3.02 and Fed. R. Civ. P. 26, blew the deadlines imposed by said rules, and instead filed a "notice" that they planned to file a motion to dismiss, asserting without any precedent in support that they are not bound by the rules that apply to ordinary civil litigants in this Court. *See* ECF No. 12. Should the Court deny Mr. Taylor's motion to compel and adopt Defendants' reading of the rules, civil litigants could ignore Local Rule 3.02 and Fed. R. Civ. P. 26's obligations so long as they file a dispositive motion or even a "notice" informing the Court that they eventually will, regardless of any deadlines. Neither the Local Rules nor Federal Rules of Civil Procedure contemplate such an ineffective process.

Furthermore, the initial disclosures required by Local Rule 3.02 and Fed. R. Civ. P. 26 allow civil litigants to "assess their risks and undertake an informed

settlement analysis as well as facilitating the efficient administration of a case." *King v. City of Waycross, Georgia*, No. 5:14-cv-32, 2015 WL 5468646 at *2 (S.D. Ga. 2015) (citing *City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Ca. 2003)). Such efficient assessment and possible settlement did not occur in this case, and should the Court adopt Defendants' reading of the rules, will occur in far fewer cases, because civil litigants will be encouraged to sidestep the rules by filing dispositive motions, regardless of those motions' merits.

Defendants' second argument—that they have already complied with the relevant rules because Mr. Taylor's suit falls under the "ancillary" exemption found in Local Rule 3.02(d)(9) and Fed. R. Civ. P. 26(a)(1)(B)(viii)—is even more of a stretch. As in their initial "notice," Defendants do not cite any legal authority applying this exemption to a prisoner's § 1983 suit, or any court order endorsing the proposition that a prisoner's § 1983 suit is ancillary to that prisoner's prior state criminal or postconviction proceeding. *See* ECF Nos. 12 at 2-3; 15 at 8-12.

Under Defendants' reading of ancillary, any prisoner's § 1983 suit would be ancillary to their prior state criminal case and exempt from initial case management procedures. The ancillary exemption was not written or intended to be applied in this manner. Instead, as more fully explained in Mr. Taylor's motion to compel, parties to a § 1983 suit regularly comply with Fed. R. Civ. P. 26 and relevant local rules during litigation because these cases are simply not "ancillary" within the meaning

of Fed. R. Civ. P. 26(a)(1)(B)(viii) or any local rule equivalent. *See* ECF No. 13 at 3-6 (citing *Brant v. Reddish*, No. 3:13-cv-412-J-34MCR, 2019 WL 4600366 at *18-19 (M.D. Fla. Sep. 23, 2019) (ordering parties to an ongoing § 1983 suit challenging the constitutionality of the Florida lethal injection protocol to file a case management report after denying a motion to dismiss)).

The Florida Office of Attorney General's own actions in a contemporaneous § 1983 suit brought by a death-sentenced inmate also demonstrate that Defendants' reading of the rules here is incorrect. *See* Motion to Stay Discovery, *Lawrence v. DeSantis et. al.*, No. 4:26-cv-00193-MW-MAF, ECF No. 17 (N.D. Fla. May 6, 2026). In *Lawrence*, the Florida state official defendants did not file a notice refusing to comply with the relevant rules; instead, understanding that the prisoner's suit was not ancillary to his § 1983 suit and that they were bound by the same rules that all civil litigants are, they asked for a stay of discovery, rather than unilaterally deciding that the rules do not apply to them and filing a notice saying so. At the very least, Defendants here could have timely moved for a stay of discovery where they argued the position in their notice to this Court in a posture that provided Mr. Taylor an opportunity to respond and this Court an opportunity to rule. Instead, Defendants chose to outright reject their obligations under this Court's Local Rules and the Federal Rules of Civil Procedure. They should not be rewarded for doing so.

This Court should not adopt Defendants' reading of the rules at issue because such a reading would upset the efficient administration of all civil cases. And Mr. Taylor's action does not fall into the ancillary exemption contemplated by Local Rule 3.02 or Fed. R. Civ. P. 26. Therefore, this Court should order Defendants to participate in a case management conference, aid in the filing of a case management report, and make all necessary initial disclosures in compliance with Local Rule 3.02 and Fed. R. Civ. P. 26, independent of its ruling on Defendants' motion to dismiss.

Respectfully submitted,

/s/ Linda McDermott
LINDA MCDERMOTT
 Chief, Capital Habeas Unit
SEAN GUNN
Federal Public Defender
Northern District of Florida
227 N. Bronough St., Suite 4200
Tallahassee, FL 32301
(850) 942-8818
linda_mcdermott@fd.org

*Counsel for Mr. Taylor*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading has been furnished by electronic mail to counsel for the Defendants.

/s/ Linda McDermott
 LINDA MCDERMOTT

5