UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN RICHARD TAYLOR,

Plaintiff,

v. Case No. 3:26-cv-469-JEP-SJH

RICHARD COMERFORD[1] and
RANDALL POLK,

Defendants.

---

**ORDER**

This cause is before the Court on a review of the file. On March 5, 2026, Plaintiff initiated this action, through counsel, by filing a "42 U.S.C. § 1983 Complaint for Declaratory and Injunctive Relief" ("**Complaint**," Doc. 1), an Appendix (Doc. 2) thereto, and a Memorandum in Support of the Complaint (Doc. 3).[2] In the Complaint, Plaintiff, a death-warrant eligible inmate at Union Correctional Institution, "challenges the constitutionality of the impediments put in place by Defendants to deprive him of the information that would be necessary to establish an Eighth Amendment lethal-injection challenge." (Doc.

[1] Plaintiff sues Ricky D. Dixon in his official capacity as Secretary of the Florida Department of Corrections ("**FDOC**"), a position he no longer holds. Richard Comerford is the current Secretary of the FDOC. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Richard Comerford is substituted in place of Ricky D. Dixon, as Secretary of the FDOC.

[2] The Court allowed Plaintiff to proceed in forma pauperis. (*See* Docs. 4, 7).

1 at 3–4). Specifically, Plaintiff alleges that in violation of his due process rights, Defendants refused to provide any responsive documents to his November 3, 2025 public records requests pertaining to the administration of Florida's three-drug lethal-injection protocol for the six-month period preceding his requests, i.e., from May through October 2025. (*See* Doc. 1 at 6–25; Doc. 2 at 65–75). Plaintiff further alleges that without the responsive documents, neither Plaintiff nor the Court can determine whether Defendants deviated from the protocol by using expired drugs, lower dosages of drugs, and unauthorized drugs during the executions of Anthony Wainwright, Michael Bell, Kayle Bates, Curtis Windom, and Victor Jones. (Doc. 1 at 6–25). As relief, Plaintiff seeks discovery, an evidentiary hearing, and declaratory and "injunctive relief to prevent Defendants from executing [him] without first providing sufficient reassurance that the errors have been investigated, corrected, and will not recur." (*Id.* at 26).

Recently, in *Guardado v. Comerford*, No. 3:26-cv-2596-MMH-SJH, Doc. 63 (M.D. Fla. Oct. 30, 2026), after holding an evidentiary hearing and reviewing the same documents[3] that Plaintiff appears to seek in the present action, Judge Howard denied Guardado's emergency motion for a stay of

[3] In *Guardado*, the Court also ordered updated drug logs for executions from September 30, 2025 through October 2026. (*See* Doc. 63 at 7 in No. 3:26-cv-2596-MMH-SJH).

execution, finding that he failed to show substantial likelihood of success on the merits of his Eighth Amendment method-of-execution claim, where he argued that FDOC officials used expired drugs, lower dosages of drugs, and unauthorized drugs during executions carried out in 2025 and 2026 via Florida's lethal injection protocol. (*Id.*). Based on the evidence that was submitted before, during, and after the evidentiary hearing, "the Court was able to confirm that January 2027 was the correct expiration date for the etomidate used in the August 19, 2025 execution of Kayle Bates; the August 29, 2025 execution of Curtis Windom; the September 17, 2025 execution of David Pittman; and the September 30, 2025 execution of Victor Jones." (*Id.* at 25, 36–38). The Court was also able to "confirm that FDOC had ample unexpired etomidate for use in executions that occurred between April 8, 2025 and October 20, 2026." (*Id.* at 25, 38). The Court rejected Guardado's remaining contentions about Defendants' alleged maladministration of the lethal injection protocol.[4]

---

[4] For example, as to Guardado's contention that improper drug dosages were used in the June 10, 2025 execution of Anthony Wainwright and the June 24, 2025 execution of Thomas Gudinas, the Court found that "evidence that an inmate received less rocuronium bromide or potassium acetate than that which is called for in the protocol, without more, [did] not present a risk that [was] 'sure or very likely' to cause needless suffering." (Doc. 63 at 40 in No. 3:26-cv-2596-MMH-SJH). The Court also rejected Guardado's contention that Defendants' lack of contemporaneous recordkeeping showed they failed to use etomidate during the executions of Thomas Gudinas, Edward Zakrzewski, and Curtis Windom, reasoning that the toxicology reports, on which Guardado relied, showed that etomidate was administered to each inmate during his execution. (*Id.* at 41). Further, as to Guardado's claim that the

The parties here have not yet addressed the impact of *Guardado* on the present action. Considering the significant overlap of issues, arguments, and documents that are at issue in both actions, the Court will give the parties an opportunity to address the impact of *Guardado* on the resolution of this case. In the meantime, the Court will take Plaintiff's Motion to Compel Defendants' Compliance with Local Rule 3.02 and Federal Rule of Civil Procedure 26 (Doc. 13) and Defendants' Motion to Dismiss (Doc. 14) under advisement.

Accordingly, it is **ORDERED**:

1. **Within ten days** of the date of this Order, Plaintiff shall advise the Court how he intends to proceed given the Court's decision in *Guardado*. Defendants will have **ten days** after the filing of Plaintiff's response to present their position on the impact of *Guardado* on the resolution of this case.

2. Plaintiff's Motion to Compel Defendants' Compliance with Local Rule 3.02 and Federal Rule of Civil Procedure 26 (Doc. 13) and Defendants'

---

FDOC's use of lidocaine—a drug that was not part of the protocol—presented a risk of needless suffering, the Court found no evidence that "the addition of lidocaine would present a danger of additional pain or suffering." (*Id.* at 42). Based on the evidence presented, the Court also rejected Guardado's speculative claim that "the protocol's minimal specifications for how lethal injection drugs [should be] stored or handled amplif[ied] Defendants' recklessness." (*Id.*). Further, the Court found that "Guardado's concerns regarding FDOC's past record keeping practices provide[d] little support for his claim that his execution [might] not be accomplished in accordance with the State's protocol," because under the FDOC's new record keeping practices, "drugs are now logged contemporaneously" and "multiple witnesses confirm the accuracy of the log." (*Id.* at 43–44).

Motion to Dismiss (Doc. 14) are **taken under advisement**.

3. The Clerk of Court is **directed** to make the appropriate entries on the docket to reflect the substitution of Richard Comerford in place of Ricky D. Dixon as Secretary of the FDOC.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of November, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Counsel of Record